S04Y1847. IN THE MATTER OF ROY SCOTT MULLMAN.
(603 SE2d 217)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Roy Scott Mullman's Petition for Voluntary Surrender of License, which is tantamount to disbarment. In his petition, Mullman admits that in

May 2004, this Court appointed receivers to take custody of Mullman's client files and records; that the receivership was filed with his knowledge and consent because he suffers from alcoholism and was not able to adequately protect his client's interest; and that he is the subject of at least 18 grievances presently pending before the State Disciplinary Board. The State Bar recommends that this Court accept Mullman's petition.

In his petition, Mullman admits that in four cases he represented clients in personal injury matters; settled the cases and received the settlement funds; but failed to timely remit payment to his clients and in some instances, failed to remit the full settlement amount. He also admits that he represented a client in a child support matter for which the client paid him for representation and to pay the client's spouse's attorney fees and that he has retained funds that should be returned to the client; that in two other matters he failed to properly account for funds received on behalf of clients; and that two escrow checks were presented against insufficient funds and have not been honored.

Mullman admits that by his conduct in the above matters he has violated Rules 1.3, 1.4, 1.15, and 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of Rule 1.3, 1.15 (I), 1.15 (II) (a) or (b), or 8.4 (a) (4) is disbarment, while the maximum penalty for a violation of Rule 1.4 is a public reprimand. Mullman further states that he has not been engaged in the active practice of law since mid-May 2004; that he is in treatment for substance abuse; that he has been a member of the State Bar of Georgia since 1989 and had no prior discipline or other sanctions; and that he has made a good faith effort to make restitution and to rectify the consequences of his misconduct.

Having reviewed the record, we agree with the State Bar that Mullman's Petition for Voluntary Surrender of License should be accepted. Prior to applying for reinstatement, Mullman has agreed that he will successfully complete the Lawyer Impairment Program; continue substance abuse counseling pursuant to the requirements imposed by his treating physicians and counselors; make restitution as determined by the State Bar; complete all continuing legal education requirements; submit reports from his physicians and counselors to the State Bar; and waive any and all rights of confidentiality to enable the State Bar to obtain all requested information from Mullman's treating physicians and counselors, and from treatment facilities. Mullman is reminded of his duties under Bar Rule 4-219 (c).

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia. *Finestone & Morris, Bruce H. Morris*, for Mullman.